**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 16 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

JAMES O.H. DUGAN,

　　　　Defendant-Appellant.

No. 00-1367
(D.C. No. 99-CR-352-M)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **BALDOCK, PORFILIO,** and **ANDERSON** , Circuit Judges.

　　　　After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

　　　　James O.H. Dugan appeals the sentence imposed following his plea of guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. He argues that

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the evidence was insufficient to support the sentence enhancement imposed for more than minimal planning and that the district court erred when it failed to make factual findings to justify the enhancement. We affirm.

Mr. Dugan responded to an ad placed by the victim in a national newspaper for the sale of a ranch in Colorado. Mr. Dugan offered to purchase the property. As part of that transaction, Mr. Dugan represented that he would fund a marketing company for the benefit of the victim for at least $1,000,000 by permitting the victim to invest $50,000 in an Indonesian "energy portfolio."

The victim traveled to New York to meet with Mr. Dugan to discuss the purchase of the ranch. Mr. Dugan represented that he had the ability to invest in the energy portfolio and that the investment would allow the victim to make a return of over $1,000,000 on his $50,000 investment within a matter of weeks. Following Mr. Dugan's instructions, the victim wired the money to a bank in New York, to an individual in Indonesia, and to a credit union in California.

When the promised return on the investment was not forthcoming and the victim questioned him, Mr. Dugan made various excuses and provided the victim with copies of false documents which supported the investment.

The district court enhanced Mr. Dugan's sentence pursuant to USSG § 2F1.1(b)(2)(A) for more than minimal planning. Mr. Dugan contends that this

adjustment to his sentence was erroneous because it is not supported by the evidence.

In reviewing an assertion that the district court's application of the guidelines to the facts is erroneous, this court must accept the factual findings of the district court unless they are clearly erroneous, and must give due deference to the district court's application of the guidelines to the facts. *United States v. Johnson*, 911 F.2d 403, 406 (10th Cir. 1990). We will reverse only if we are left with a definite and firm conviction that a mistake has been made. *Id*.

In the instant matter, there is no controversy concerning the facts. The facts were set forth in the presentence report and Mr. Dugan never objected to these facts in the district court. This evidence is sufficient to establish that Mr. Dugan's offense involved more planning than a simple form of the offense. *See* USSG § 1B1.1, comment. (n.1(f)) (more than minimal planning occurs if the offense involved "more planning than is typical for commission of the offense in a simple form.")

Mr. Dugan also argues that the district court erred by failing to make factual findings to support the enhancement. While we agree that it is preferable for the district court to set forth its specific factual findings, *Johnson*, 911 F.2d at 406, we conclude that the failure to do so here does not warrant reversal or a remand. The facts are clearly set forth in the presentence report and the district

court expressly adopted the conclusion of the presentence report. *See id*; *see also*
*United States v. Copus*, 110 F.3d 1529, 1537 (10th Cir. 1997) (where the district
court expressly adopted the position of the probation office as outlined in the
presentence report, no error occurred in imposition of the adjustment for more
than minimal planning).  Moreover, the defendant did not object to the facts as set
forth in the report.

Accordingly, the judgment of the United States District Court for the
District of Colorado is **AFFIRMED**.

Entered for the Court


Bobby R. Baldock
Circuit Judge